UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE EDWARD BAKER, JR.,<br><br>          Plaintiff,<br> vs.<br><br>MICHAEL J. ASTRUE, Officially as Commissioner of the Social Security Administration,<br><br>          Defendants. | CASE NO. 10cv1276-LAB (NLS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

### I. Introduction

Baker challenges the denial of his claim for Supplemental Security Income benefits under Title XVI of the Social Security Act. The challenge was referred to Magistrate Judge Stormes for a Report and Recommendation pursuant to 28 U.S.C. § 636, after which Baker and the Commissioner filed cross-motions for summary judgment. Judge Stormes issued her R&R on February 22, 2011, finding for the Commissioner. Baker then filed an objection to the R&R. The Court apologizes to the parties that it has taken until now to issue a ruling.

The Court reviews an R&R on dispositive motions pursuant to Fed. R. Civ. P. 72(b). Rule 72(b) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

## II. Legal Standards

To qualify for social security benefits, Baker has to establish that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment. 42 U.S.C. § 1382c(a)(3)(A). He will be considered disabled only if

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). Baker bears the burden of proof that he is in fact disabled. *Valentine v. Commissioner, Social Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The Commissioner bears the burden, though, of showing that Baker is still able to work. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

There is a five-step, sequential evaluation process for determining whether Baker is disabled. First, he must not be engaged in substantial gainful activity. Second, his alleged impairment must be sufficiently severe to limit his ability to work. Third, his impairment must meet or equal an impairment listed in 20 C.F.R. § 404. Fourth, he cannot possess the residual functional capacity ("RFC") to perform his past work. Fifth, his RFC, considered with his age, education, and work experience, must be insufficient to allow him to adjust to other work in the national economy. *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).

The Court will uphold a denial of benefits so long as it is supported by substantial evidence and not based on legal error. *Parra*, 481 F.3d at 746. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "Where the evidence can reasonably support either affirming or reversing the decision," the Court may not substitute its judgment for that of the Commissioner. *Id.*

## III. Discussion

Baker objects to the R&R on five grounds, which track his same objections to the ALJ's decision denying him benefits. The Court will treat these objections in sequence.

### A. Opinion of Treating Physician

Baker argues that the ALJ gave insufficient weight to the opinion of his treating physician, Dr. Abramowitz. Here is what the ALJ said of Dr. Abramowitz's opinion:

> Bryan Abramowitz, M.D. reported on July 22, 2009, that the claimant has severe COPD that interfered significantly with activities of daily living and that a continuation of his disability was appropriate. He agreed with Dr. Evan's opinion.
>
> A treating physician's medical opinion, on the issue of the nature and severity of an impairment, is entitled to special significance; and, when supported by objective medical evidence and consistent with otherwise substantial evidence of record, entitled to controlling weight. However, statements that a claimant is "disabled", "unable to work" can or cannot perform a past job, meets a listing or the like are not medical opinions but are administrative findings dispositive of a case, requiring familiarity with the Regulations and legal standards set forth therein and in the *Dictionary of Occupational Titles*. Such issues are reserved to the Commissioner. Furthermore, the record fails support the doctor's opinion that the claimant is incapable of all work . . . .
>
> A *Medical Source Statement - Physical* dated December 28, 2009, by Dr. Abramowitz reported that the claimant could occasionally lift and carry less than ten; stand and walk less than two hours and sit less than six hours in an eight hour workday; required an assistive device and had to alternated sitting and stand; could never climb, balance, kneel, stoop, crouch, or crawl; was limited handling and fingering; and should avoid exposure to heights, moving machinery, temperature extremes, chemicals and dust.
>
> The opinions of these doctors appear on fill-in-the-blank forms with only marginal notes attached to them. The doctors failed to cite any medical testing results or objective observations to support their conclusions as to the claimant's residual functioning capacity. Furthermore, the opinion of these doctors, who assessed the claimant with the residual functioning capacity of less than sedentary work are not afforded any significant weight as these opinions conflict with the substantial evidence of record, documenting less severe limitations. The doctors did not adequately consider the entire record, including the statements of collateral sources and the objective findings of other treating physicians. The objective evidence in the record does not support the level of severity that the doctors assign.

(A.R. 15.) Baker is right that, as a general rule, a treating physician's opinion is entitled to substantial weight. *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). An ALJ needn't accept a treating physician's opinion, however, if it "is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d

947, 957 (9th Cir. 2002). Moreover, when evidence in the record contradicts the opinion of a treating physician, as it does in this case, the ALJ must present specific and legitimate reasons for discounting that opinion, and those reasons must be supported by substantial evidence. *Bray*, 554 F.3d at 1228. (Baker argues that clear and convincing reasons are required to reject a treating physician's ultimate conclusions, but that's only true when the physician's opinion is not contradicted by another physician, which is not the case here. *Id.* at 1228 n.8.)

Baker's objection reduces to the argument that the ALJ, and the R&R, overlooked evidence that lends support to Dr. Abramowitz's opinion. (Obj. at 2–3.) He says:

> The Magistrate, along with the ALJ, did not consider the evidence that supported Dr. Abramowitz's opinion that Mr. Baker cannot perform sedentary work and has environmental limitations due to his chronic oxygen dependant Chronic Obstructive Pulmonary Disease ("COPD") . . . .
>
> Specifically, the ALJ has ignored the full scope of Dr. Abramowitz's report which contains numerous references and findings to support his conclusions . . . .
>
> Therefore, the ALJ erred when he found that Dr. Abramowitz's form was not supported by his records.

(Obj. at 2–3.) These objections miss the point. The question isn't whether Dr. Abramowitz's opinion finds support in the record, but whether the ALJ articulated specific and legitimate reasons, supported by substantial evidence, for discounting that opinion. The Court finds the ALJ did just that. He correctly discounted Dr. Abramowitz's letter on Baker's behalf because it contained only legal conclusions (A.R. 640), and his opinion as a whole clearly offers specific reasons for not following Dr. Abramowitz's "Medical Source Statement." The Court finds the ALJ did offer specific and legitimate reasons for declining to give controlling weight to Dr. Abramowitz's opinion, supported by "substantial evidence" as defined in *Parra*. Baker's objection is **OVERRULED**.

### B.     Effect of Smoking

Baker's second objection is that the ALJ's conclusion about the effects of his smoking was unreasonable. Again, here is what the ALJ said:

> [Baker] has COPD, yet he testified that he continues to smoke

> cigarettes and was on oxygen. It is reasonable to assume that if the claimant abstained from smoking, some of his complaints of shortness of breath would be alleviated.

(A.R. 14.) Baker argues that the ALJ failed to develop the record on this question and simply deferred to two medical opinions. (Obj. at 4.) Two physicians reasoned that Baker's condition would improve if he stopped smoking:

> The claimant is still a smoker. This would likely aggravate his pulmonary condition. (A.R. 417.)

> I have strongly recommended the patient stop smoking. The patient will need home oxygen, but it will be dangerous to continue smoking in the presence of home oxygen because he can set the home on fire. The patient understands that and tells me that he will try to quit within the next week or so; and while I am not very hopeful that this is going to happen, this certainly will help his breathing. (A.R. 706.)

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Parra*, 481 F.3d at 746. It can hardly be considered unreasonable of the ALJ, on the word of two examining physicians, to conclude that Baker's condition is partially attributable to his smoking.

Baker relies on *Tonapetyan v. Halter*, 242 F.3d 1144 (9th Cir. 2001), and *Tidwell v. Apfel*, 161 F.3d 599 (9th Cir. 1998), to argue that the ALJ should have developed the record and inquired further of the precise impact of Baker's smoking on his condition. *Tonapetyan* does speak of a general duty of the ALJ in social security cases to fully and fairly develop the record, but it in no way suggests that the ALJ has a duty to exhaustively consider each issue that is presented to him. To the contrary, it is only when the evidence is ambiguous or the ALJ finds that the record is inadequate that a duty is triggered to conduct an appropriate inquiry. *Tonapetyan,* 242 F.3d at 1150–51 ("The ALJ clearly relied heavily on Dr. Walter's testimony, adopting his 'dysthymia' diagnosis as well as his criticisms of Drs. Grant and Trabulus. Given this reliance, the ALJ was not free to ignore Dr. Walter's equivocations and his concern over the lack of a complete record upon which to assess Tonapetyan's mental impairment."). *Tidwell*, too, is clear that the duty to conduct an inquiry only arises when the ALJ "needs to know the basis of the doctor's opinion." *Tidwell*, 161 F.3d at 602. Here, in light of the above testimony, there is no indication that the impact of

Baker's smoking on his condition was ambiguous and that the ALJ reached an under-informed conclusion. Baker's smoking was also only one piece of evidence, among many others, that led the ALJ to conclude Baker was not disabled. It was not legal error of the ALJ to not conduct a further inquiry as to the precise impact of Baker's smoking on his condition. Baker's objection to the R&R is **OVERRULED**.

### C. Baker's Testimony

Baker objects to the extent to which the ALJ discounted his testimony regarding his symptoms. The ALJ observed:

> The claimant has a long criminal history and has spent considerable time incarcerated. Dr. Nicholson reported on February 6, 2009, that the claimant stated that he had been incarcerated for a total of eight years in both jail and prison and was a convicted sex offender and had been arrested for domestic violence and six times for DUI. On June 6, 2009, Steven Tess, Ph.D., reported that the claimant had most recently been in prison from January, 2008 to October, 2008 for a parole violation of not following sex offender's registration requirements. This severely impacts the claimant's credibility which is coupled with the apparent fact that the claimant filed for disability almost immediately after being discharged from prison.
>
> The claimant has admitted certain abilities which provide support for part of the residual functioning capacity conclusion in this decision. As noted above, the claimant, his fiancé, and his examining physician have described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. The overall evidence suggests that the claimant has the ability to care for himself and maintain his home. Furthermore, the performance of the claimant's daily activities as described is not inconsistent with the performances of many basic work activities.

(A.R. 14.) To discredit a claimant's testimony, as the R&R explains, the ALJ must engage in a two-step process. First, the claimant must produce objective medical evidence of an underlying impairment and show that the impairment could reasonably be expected to produce pain or other symptoms. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1196 (9th Cir. 2004). If the claimant can do this, and if the ALJ's credibility analysis shows no malingering, then the ALJ may reject the claimant's testimony about the severity of his symptoms with specific findings stating clear and convincing reasons for doing so. *Id.*

1          The R&R concludes that the ALJ did offer clear and convincing reasons for rejecting
2  Baker's testimony, and the Court agrees: Baker's criminal history and timing put a dent in
3  his credibility, and his overall testimony (and the overall record) reflected that his condition
4  was not as severe as he testified.  But even if Baker is not satisfied that the reasons given
5  were "clear and convincing," the Court could construe the ALJ's concern about Baker's
6  credibility as evidence of malingering, in which case the ALJ didn't need to offer clear and
7  convincing reasons for discrediting the testimony in the first place.  Further, just because the
8  ALJ found, ultimately, that Baker was not disabled does not mean that he entirely *discredited*
9  Baker's testimony; it means simply that the totality of what Baker said, coupled with the
10 totality of the record, did not support a finding that Baker was disabled.

11         Baker's objection reduces to the argument that the ALJ was essentially bound by
12 Baker's testimony to find him disabled.  That is not true.  It is also not true, as Baker alleges,
13 that the ALJ concluded that because Baker is able to perform some daily activities he is able
14 to work.  The ALJ simply said that those activities "provide support for *part of* the residual
15 functioning capacity conclusion in the decision." (A.R. 14.)  He also reasoned that the
16 activities were "not inconsistent with the performance of many basic work activities." (A.R.
17 14.)  Finally, Baker's point that his testimony was supported by evidence in the record is
18 irrelevant. (Obj. at 6.)  The ALJ's finding was based on the record as a whole, not the simple
19 fact that Baker is able to perform some day-to-day tasks, and not on the sweeping
20 conclusion that no evidence whatsoever supports Baker's testimony.  The Court finds
21 substantial evidence for the ALJ's treatment of Baker's testimony, and his objection is
22 **OVERRULED**.

23         **D.     Cowley's Testimony**

24         Baker objects to the manner in which the ALJ treated the testimony of his fiancé,
25 Marilyn Cowley; he argues it should have been given substantial weight.  Here is how the
26 ALJ handled the testimony:

27              Marilyn Cowley, the claimant's fiancé, reported on November 24,
               2008, that the claimant was in so much pain that he could not
28              lift, squat, bend, stand very long, reach, walk, sit, kneel or climb
               stairs, and could not follow spoken instructions well.  The

>undersigned took into consideration this individual's opinion regarding the claimant's residual functional capacity because of her close contact with the claimant over a period of time; however, there is no evidence that this individual is a doctor, psychologist, chiropractor, osteopath, nurse, or other type of medical or mental health specialist or worker. There is no evidence that she has ever had any medical training or worked in any medical field or institution, or that she is familiar with Social Security rules and regulations. As such this is only the opinion of one that has a familial relationship with the claimant and this opinion cannot be considered to have any weight.
>
>Dr. Dao reported on February 3, 2009, that this claimant can lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently; stand and walk for up to six hours and sit for six hours in an eight hour workday; climb, stoop, kneel, and crouch occasionally; and had no manipulative, visual, communicative, or environmental limitations.

(A.R. 16.) Rather than *no* weight, Baker argues that the ALJ should have afforded Cowley's opinion *significant* weight. (Obj. at 7.)

Baker is right that certain lay witnesses, such as friends and family members, are competent to testify to a claimant's condition. *See Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993); 20 C.F.R. § 404.1513(e)(2). But just because a lay witness is *competent* to testify does not mean the ALJ must accept their testimony, or automatically afford it significant weight. To the contrary, the ALJ can discount the testimony provided he "give[s] reasons that are germane to each witness." *Dodrill*, 12 F.3d at 919; *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006). The ALJ did that here. He acknowledged Ms. Cowley's testimony (which *Robbins* notes he is required to do), and even though he appeared to suggest that the opinion of family members is entitled to no weight, he immediately described the opinion of Dr. Dao, a medical professional, that contradicted Ms. Cowley's testimony. Inconsistency with medical evidence is a germane reason for discrediting the testimony of a lay witness. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).[1] The ALJ's treatment of Ms. Cowley's testimony was not unreasonable or legally

---

[1] Perhaps Baker construes the ALJ's statement that Ms. Cowley's testimony "cannot be considered to have any weight" as a categorical rejection of that testimony. Under *Lewis v. Apfel*, this would be wrong. 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account.") The Court doesn't construe the statement that way. What the ALJ discounted was Cowley's "opinion regarding the claimant's residual functioning capacity," which is an administrative

erroneous. The objection is **OVERRULED**.

### E. Impact of Neuropathy

Baker's final objection is that the ALJ neglected to take into account his carpal tunnel syndrome and bilateral ulnar neuropathy. He criticizes the R&R for concluding that , had the ALJ taken his neuropathy into account, his decision would not have been any different. The objection is somewhat scattered, however, and the Court doesn't understand precisely what its legal basis is, other than the general principle that an ALJ must consider all of a claimant's alleged limitations. *See Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d at 690 (recognizing that the hypothetical an ALJ poses to a vocational expert must set out all of the claimant's limitations, and that "an RFC that fails to take into account a claimant's limitations is defective".).

Dr. Dao did diagnose Baker with carpal tunnel syndrome, and the ALJ acknowledged this. (A.R. 417, 10.) Specifically, the ALJ said Dao diagnosed Baker "with unremarkable pulmonary examination, hypertension, bilateral carpal tunnel syndrome, and low back pain likely due to degenerative joint disease." (A.R. 10.) In a medical report dated June 25, 2009, Dr. Sean Evans diagnosed Baker as suffering from chronic severe ulnar neuropathy, but the overall tone of his report emphasized Baker's back pain. (A.R. 642–44.) In fact, Dr. Evans began his report with the sentence "I had the opportunity to see Mr. Baker today regarding back pain." (A.R. 642.) His ultimate conclusion also focused exclusively on Baker's back pain:

> "This is a 53-year-old man with chronic multifocal peripheral nervous system dysfunction due to a combination of spinal degenerative disease and compression neuropathies who really is a dominated by his presentation of increased low back pain . . . . With regards to his ability to work, I suspect that at this point he would be unable to do any job which required him to sit for extended durations, stand for extended durations, or do even minimal lifting."

---

determination, and which Cowley was not qualified to make. What *Lewis* requires an ALJ to take notice of is lay testimony as to *symptoms*, and the ALJ here did that. He simply found that Cowley's testimony, even if there was some evidence for it in the records, was outweighed by competent medical evidence. That was a permissible treatment of the testimony.

(A.R. 642.)  Also, in a July 9 letter summarizing his finding, Dr. Evans focused on Baker's back pain:

> He suffers from severe chronic back pain, which has been disabling for over the last 10 years. He has electrophysiologically documented, chronic, cervical and lumbar radiculopathy as well as entrapment neuropathies in his arms, all of which contribute to his severe pain.

(A.R. 657.)  The ALJ recognized Dr. Evans' reports. (A.R. 15.)  The Court finds that the ALJ adequately considered all of Baker's alleged limitations and reached the reasonable conclusion that he is not disabled for the purpose of receiving benefits.  This final objection, as the Court construes it, essentially asks the Court to re-weigh the evidence before the ALJ and reach a contrary conclusion, and that would be an improper level of review. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (noting that specific findings of an ALJ that are supported by substantial evidence in the record are not to be second-guessed).  To the extent Baker believes the ALJ failed outright to take his carpal tunnel and neuropathy into account, the Court would second the R&R's conclusion that neither condition was significant enough to have affected the ALJ's decision.  (R&R at 11.)  This final objection is therefore **OVERRULED**.  The ALJ's treatment of Baker's carpal tunnel syndrome and neuropathy was neither unreasonable nor legally erroneous.

**IV.   Conclusion**

The Court **ADOPTS** the R&R in its entirety and affirms the ALJ's denial of benefits to Mr. Baker.

**IT IS SO ORDERED**.

DATED: January 20, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge